IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VERGIL ANN JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>RGIS,<br><br>    Defendant. | Case No. 2:10-CV-360-DB-SA<br><br><br><br>**REPORT AND RECOMMENDATION** |

Before the court is Defendant RGIS' motion to dismiss. (Doc. 10.) RGIS moves to dismiss this action pursuant to Rules 12(b)(5) and 12(b)(1) of the Federal Rules of Civil Procedure.

Having carefully considered the parties' arguments, the court recommends that RGIS' motion be granted and this case be dismissed.

**BACKGROUND**

On July 27, 2009, Ms. Jackson filed a Charge of Discrimination with the Utah Anti-Discrimination & Labor Division ("UALD") and the Equal Employment Opportunity Commission ("EEOC"), alleging race, color, sex, and age discrimination by RGIS. (Doc. 11, Ex. 1, (Charge of Discrimination).) After an investigation, on March 16, 2010, the UALD issued its

Determination dismissing Ms. Jackson's Charge of Discrimination. (Doc. 11, Ex. 2 (Determination and Order).)

As part of the Determination, Ms. Jackson was advised of her appeal rights with the Utah Labor Commission Adjudication Division ("Labor Comission") and her right to request a notice of right to sue from the EEOC. (*Id.* at 7-8.) Specifically, Ms. Jackson was advised that should she wish to pursue her case in federal court, Ms. Jackson could withdraw her complaint from the UALD and request a right to sue notice from the EEOC. (*Id.* at 8.) Ms. Jackson also received a letter explaining her rights for an appeal of the UALD's determination or, alternatively, her right to pursue her claims in federal court. In addition, Ms. Jackson received a form entitled "Request for Withdrawal of Charge of Discrimination and Request for a Notice of Right to Sue." (Doc. 11, Ex. 2 at 11; *id.*, Ex. 3 (March 16, 2010 Letter to Vergil Ann Jackson).)

Ms. Jackson did not withdraw her case before the UALD. Instead, Ms. Jackson appealed the Determination pursuant to the instructions provided by the Labor Commission for appealing to the UALD. (Doc. 11, Ex. 2 at 7; *id.*, Ex. 4 (Correspondence Regarding Ms. Jackson's Request for an Evidentiary Hearing); *id.*, Ex. 5 (Petitioner's June 8, 2010 Statement to the Utah Labor Commission).)

Even though Ms. Jackson never withdrew her complaint from the UALD and never requested a right to sue notice from the EEOC,

Ms. Jackson filed her complaint in this case on April 27, 2010, alleging race discrimination, and the case was assigned to United States District Judge Dee Benson. (Doc. 3.) When she filed her complaint in this case, Ms. Jackson's appeal before the UALD was still pending. On May 3, 2011, the court received its first and only notice that Ms. Jackson had attempted service of process in this case. (Doc. 7.)

On May 24, 2011, RGIS filed its motion to dismiss. (Doc. 10.) On June 1, 2011, Ms. Jackson filed a pleading entitled "Objection to Dismiss," which the court construes to be her response to RGIS' motion to dismiss. (Doc. 12.) On June 3, 2011, Ms. Jackson filed a pleading entitled "I Odjection to Dismissel." (Doc. 13.) On June 9, 2011, RGIS filed its reply in support of its motion to dismiss. (Doc. 15.) Thereafter, Ms. Jackson filed two more pleadings. First, on June 13, 2011, Ms. Jackson filed a document entitled "Reply in Support of it's Ojection to Dismissel" (Doc. 16); second, on August 19, 2011, Ms. Jackson filed a document entitled "Hearing I Odjection To Dismissel" (Doc. 19).

Judge Benson referred this case to United States Magistrate Judge Samuel Alba on June 28, 2011. (Doc. 17.) On August 23, 2011, the court held oral arguments on RGIS' motion to dismiss. At that hearing, Ms. Jackson admitted that her case still is pending before the Labor Commission.

**ANALYSIS**

RGIS moves to dismiss this case pursuant to Rule 12(b)(5) for insufficient service of process, and pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. The court only addresses RGIS' jurisdictional argument because it concludes that even were the court to conclude that service of process was proper, the case still should be dismissed for lack of subject matter jurisdiction because Ms. Jackson has not yet exhausted her administrative remedies.

As the court explained to the parties at the August 23, 2011 hearing, federal courts are courts of limited jurisdiction. When a defendant files a motion under Rule 12(b)(1), the defendant "may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). The plaintiff then has the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. *See Southway v. Cent. Bank of Nig.*, 328 F.3d 1267, 1274 (10th Cir. 2003).

To the extent that Ms. Jackson is bringing a claim under Title VII, she is required to exhaust certain administrative remedies before filing a suit for employment discrimination. *See Simms v. Oklahoma ex rel. Dept. of Mental Health and Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999). Specifically, Ms. Jackson may not bring a claim

for racial discrimination under Title VII until and unless she has received a right to sue letter from the EEOC. *See Rodriguez v. Wet Ink, LLC*, 603 F.3d 810, 812 (10th Cir. 2010); *James v. Frank's Weststates Servs., Inc.*, 747 F. Supp. 2d 1264, 1279 (D. Utah 2010).

As set forth above, Ms. Jackson was advised in the Determination that she received from the Utah Labor Commission that she could either proceed with an appeal through the UALD or withdraw her complaint from the UALD and request a right to sue notice from the EEOC. Ms. Jackson chose to pursue an appeal. It is undisputed that Ms. Jackson's appeal remains pending at this time. It is also undisputed that, unfortunately for Ms. Jackson, Ms. Jackson has not requested or received a right to sue letter from the EEOC. Consequently, the court lacks subject matter jurisdiction over Ms. Jackson's federal claim.

To the extent Ms. Jackson seeks to bring state law claims in this action, the court recommends that the court decline to exercise jurisdiction over those pendent state-law claims and dismiss those claims without prejudice. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350-51 (1988) (explaining that when a single federal-law claim in an action is eliminated in the early stage of litigation, district courts have a "powerful reason to choose not to continue to exercise jurisdiction" ); *see also* 28 U.S.C. § 1367(c)(3).

**RECOMMENDATION**

Based upon the above analysis, **IT IS RECOMMENDED** that the Court **GRANT** RGIS' Motion to Dismiss. (Doc. 10.)

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within fourteen (14) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 25th day of August, 2011.

BY THE COURT:

 

———————————————
Samuel Alba
United States Magistrate Judge